# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL COLLINS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 17-00093-N |
| ) | |
| NATIONWIDE MUTUAL ) | |
| INSURANCE COMPANY ) | |
|     Defendant. ) | |

## ORDER

This matter is before the Court on Plaintiff Michael Collins' ("Plaintiff") Unopposed Motion to Dismiss. (Doc. 27). Plaintiff seeks to dismiss his fraud claim against Defendant Nationwide Mutual Insurance Company ("Defendant"). As grounds, Plaintiff cites Federal Rule of Civil Procedure Rule 41(a)(2).[1] If Plaintiff's fraud claim were dismissed, Plaintiff's negligence and wantonness claims seeking uninsured motorist coverage would remain pending against Defendant. (*See* Second Amended Complaint, Doc. 20

The Court of Appeals for the Eleventh Circuit has held, "…Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action. A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)."

---

[1] Federal Rule of Civil Procedure 41(a)(2) provides: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper….Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

*Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004)(internal quotation and citation omitted). Upon consideration, Plaintiff's motion to dismiss pursuant to Rule 41(a)(2) is **DENIED**. However, on or before **Wednesday, March 21, 2018** Plaintiff may seek leave to amend his Second Amended Complaint for purposes of eliminating the fraud count.[2] Any motion shall comply with Federal Rule of Civil Procedure 15(a) and S.D. Ala. CivLR. 15.[3]

**DONE** and **ORDERED** this the **14th** day of **March 2018**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Though the deadline for amending the pleadings set forth in the Court's Fed. R. Civ. P. 16(b) Scheduling Order (Doc. 17) has expired, given the limited purpose of the amendment, as well as Defendant's likely consent to the amendment, it is likely that good cause for modification of this deadline will be present.

[3] S.D. Ala Civ LR 15 states:

> **(a)** Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference.
>
> **(b)** A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend.
>
> **(c)** If the Court grants the motion to amend, the party must promptly file the amended pleading. If a responsive pleading is required, any party that has appeared in the action and was served with the proposed amended pleading must serve an answer or other responsive pleading within fourteen (14) days after the Court grants the motion to amend. The time for a party that has not appeared in the action to serve an answer or other responsive pleading begins to run when that party is properly served with the amended pleading.